## POTTS *v.* CHICAGO CITY RY. Co.

*(Circuit Court, N. D. Illinois.  December 20, 1887.)*

1. COMMON CARRIERS—OF PASSENGERS—CABLE CARS—NEGLIGENCE—BURDEN OF PROOF.
   Plaintiff was injured by a collision with a horse and buggy while riding in a cable car whose curtains were drawn to keep out the rain. *Held*, that plaintiff must show, by a preponderance of evidence of credible testimony, some neglect of duty or want of care on the part of the employes, or some one of the employes, of defendant, in charge of the train.[1]

2. SAME—PASSENGERS—NEGLIGENCE—DEGREE OF CARE.
   In an action charging a common carrier with negligence, it is not necessary that it should be guilty of great negligence; it is enough if the accident was caused solely by any negligence on its part, however slight, if, by the exercise of reasonable precaution, the injury would not have been sustained.

3. SAME—DUTY OF GRIP-MAN.
   Although there are no contract relations between the driver of a grip car of a cable road and the person who is to be carried, yet it is reasonable that the law should demand of him a vigilance corresponding to the responsibility placed upon him.

4. SAME—PASSENGERS—NEGLIGENCE—WHAT CONSTITUTES.
   The plaintiff, who was a passenger on one of defendant's cable trains, was injured by being struck by the shaft of a wagon projected into the car. His view of the sides of the streets, and knowledge of what was going on, was prevented by the curtains being down to keep out the rain. *Held*, that the pulling down of the curtains on account of the rain was not negligence on the part of the conductor of the train, even though it prevented a view of the sides of the streets.

5. SAME.
   Plaintiff was a passenger in the middle car of one of defendant's cable trains. After the grip car had passed, a horse projected one of the shafts of a wagon into the car in which plaintiff sat. *Held*, that defendant's liability depended upon whether the actions of the horse before the grip car passed him were such as should reasonably have excited apprehensions of a collision in the mind of the grip-man.

6. DAMAGES—PERSONAL INJURIES—COMPENSATORY.
   In an action for damages for injuries caused by the negligence of the servants of a common carrier, the jury are limited to only such compensatory damages as the plaintiff is entitled to recover.

[1] See, also, Hayman v. Railroad Co., (Pa.) 11 Atl. Rep. 815.

At Law.   Action for personal injuries.
*Mr. Latham*, for plaintiff.
*Mr. Hardy*, for defendant.

DYER, J., (*charging jury.*)   This is a suit brought by the plaintiff to recover damages on account of a personal injury sustained by him while riding as a passenger on one of the cars of the defendant company, on the twenty-ninth day of July, 1885.   There are some facts in the case which are undisputed.   The train was coming north on State street, and consisted of the grip car, which was in advance, the State-street car attached to the grip car, and the Archer-avenue car in the rear.   The plaintiff took the State-street car at or near his residence, on State street; and the concurrent testimony of the witnesses is that he was seated in the last seat of that car, on the east side of the car, with one passenger between him and the end of the seat.   Soon after he took passage on the car, the curtains of the car were drawn down and fastened, on account of the weather, and were in that situation when the accident occurred.   A horse and wagon were standing in front of a store on the east side of State street, between Fourteenth and Fifteenth streets, as the cars approached, and, in some manner, the circumstances of which you are to consider, as the train passed, the horse came in contact with the middle car in the train, and one of the shafts of the wagon struck the plaintiff with such violence as to cause the injury complained of.

The ground upon which a recovery is sought by the plaintiff is negligence of the defendant company.   Necessarily, to entitle the plaintiff to recover, he must show some neglect of duty on the part of the employes, or some one of the employes, of the defendant, in charge of the train. And when I say neglect of duty, I mean such negligence, or want of care, as would make the defendant liable to the plaintiff, within the rule on the subject, which I shall presently state to you.   There is no question of contributory negligence on the part of the plaintiff.   Having taken passage on the train, and paid his fare, he had a lawful right to be where he was in the car; and as the curtains were down, preventing him from having a view of the east side of the street, there was nothing done by him contributing to the accident, and nothing he could do so far as he had knowledge of what was transpiring, and so far as is shown in the circumstances of the affair, to avoid the accident.   He was therefore free from fault.   It was the duty of the conductor of the train to protect the passengers in the car from the storm which was prevailing at the time, by making use of the curtains of the car, as such protection. If necessity existed, on account of the rain, to drop the curtains, then the act of putting them down so that passengers should not be exposed to the storm was entirely proper, and, under such circumstances, negligence would not be imputable to the defendant on account of that act, even though it prevented the passengers from having a view of the sides of the streets.

I have said that proof of negligence is essential to a recovery by the plaintiff.   It has been claimed by his counsel that proof of the accident

and resulting injury is alone sufficient to raise a presumption of negligence, or to make what is called a *prima facie* case, and that then the burden of proof shifts, casting upon the defendant the duty of showing that it was not guilty of negligence. For reasons which were stated when the point arose, I do not think that rule applicable to such a case as this. The burden of proof to show negligence is upon the plaintiff. It devolves upon him to satisfy you by the fair weight of the evidence that the injury to the plaintiff was caused by the negligence of those in charge of the train, or some one of the employes controlling its movements. This must be made to appear by a preponderance of credible testimony, to justify a verdict requiring the defendant to pay damages. Liability by no means arises in all cases from the mere happening of an accident. Accidents occur, and are sometimes unavoidable, even though a party has fulfilled his whole duty in the circumstances in which he is placed. It is only when the accident and the resulting injury are traceable to the omission of some legal duty—to some want of that care which the law says the party is bound to exercise—that he can be justly called upon to make compensation for the injury done. For the protection of the passengers on its cars, the defendant is required to use all the means reasonably in its power to prevent accidents. This was the duty it owed to the plaintiff. In undertaking to carry the plaintiff, the defendant assumed the duty to carry him safely, so far as the highest vigilance would enable it .* .* * to do so. Although there are no contract relations between the driver of one of these grip cars and the person who is to be carried, yet, when the driver is placed in this position of responsibility, and the persons of others are intrusted to his prudence, his skill, and his fidelity, so that his negligence may inflict serious injury, it is reasonable that the law should make it the right of every person thus situated to demand from him a vigilance corresponding to the responsibility. It is not necessary, in order to charge a common carrier of persons, as this defendant is, with liability, that it be guilty of great negligence; it is enough if the accident was caused solely by any negligence on its part, however slight, if, by the exercise of the strictest care or precaution reasonably within its power, the injury would not have been sustained. And when I say caused solely by negligence of the carrier, I mean a case in which, if there had been no negligence of the carrier, there would have been no injury. From what has been said you will, of course, readily infer and understand, that the defendant is not liable for injuries happening from sheer accident, misadventure, or misfortune, if there be no negligence or fault, or where no want of caution or foresight would prevent the injury.

Now, gentlemen, these are the principles of law to apply to the facts of the case. And what are the claims of the parties upon the facts? I do not propose to enter into a discussion of the testimony, but simply to call your attention to the issue upon this question of alleged negligence. The plaintiff contends that the movements of the horse, and the situation of the wagon, were such, as the train of cars approached, as should have caused a prudent person occupying the station of driver of the

train, and bound to exercise a high degree of vigilance and care, to apprehend danger threatening the safety of passengers, and that, therefore, he should have stopped the train, or arrested its speed, in time to have avoided such danger. On the contrary, the defendant insists that the circumstances and situation were not such as reasonably to awaken any such apprehension, or such as called for the exercise of any greater care than was exercised on the occasion in question. This being the issue, you see that it is of vital consequence to ascertain with as much certainty as possible just what the situation was, as it was presented to the view of the driver of the approaching train. Was there or was there not such a state of circumstances, such danger of collision, if the train proceeded on its way, as fairly and reasonably required the driver of the grip car, in the exercise of due care, to stop the train? That is the vital question, and in deciding it, as you may readily perceive, it is important to ascertain where the horse was, with reference to the sidewalk and the railroad track, as the train approached. What were his movements, and what evidence was there that he was or was not under control, or that he could or could not be controlled? Was he making any such violent movements, or exhibiting any such restiveness, as should reasonably have excited in the mind of the driver of the train an apprehension of a collision, or as required him, in the exercise of proper vigilance and care, to stop the train? Certainly, if it be true, as is claimed by the defendant, that there were no movements of the horse indicating any danger of collision until after the grip car had passed him, and he then suddenly, from fright or other cause, sprang forward, and caused the shafts of the wagon to project into the car, thus precipitating a collision, and consequent injury, which could not reasonably have been anticipated, the defendant should not be held liable.

It is matter of common knowledge that, on the thoroughfares of a great city like this, of necessity, in the transaction of business, horses and wagons are driven and stand in great numbers along the streets. It is, of course, the duty of the defendant to so manage and control its trains, as not, by negligence, to bring about collision with vehicles occupying the places which they are expected to occupy in the streets. This is the legal requirement, and the safety of persons and property necessitates its careful observance. At the same time, care should be taken that pecuniary liability is not imposed where it is shown that, without fault of the car-driver, some sudden and unlooked-for circumstance precipitates a collision between one of these vehicles and a moving train. Now, in the light of the suggestions which the court has given, look closely into the facts and circumstances which attended this occurrence. Scan and sift the testimony of the witnesses, and determine whether the injury was caused by any fault of the driver of the train in question. Some of the witnesses disagree in their statements of the occurrence. You will endeavor to reconcile their testimony, as far as possible, and, wherein they differ so radically that this is impossible, determine which of them, from opportunities for observation, and in their respective places of observation, are most likely to have correctly observed and stated the circum-

stances of the accident. If you find that the defendant is not chargeable with negligence, that will be the end of the case. But if you find otherwise, then there will remain the question of damages. And if you come to consider this question, you must remember that you can give only such damages as will fairly and reasonably compensate the plaintiff for the injury sustained. You are limited to what are known as compensatory damages, if you find the plaintiff entitled to recover. You have no right to go beyond that. You have no right to give damages by way of punishment. In fixing the compensation to be allowed the plaintiff, you should take into consideration the character and extent of the injury inflicted upon him, the pain and suffering undergone by him in consequence of the injury, actual loss of time, expense incurred for medicines and medical attendance, and also any permanent injury sustained by him, if you believe from the evidence that he has suffered permanent injury, including permanent loss, if any is proved, arising from any disability resulting to the plaintiff from the injury, which renders him less capable of attending to his business than he would have been if the injury had not been received. Now, gentlemen, you will take this case, and deal with it impartially, and with strict regard to the rights of the parties. Deal with it precisely as if it were a controversy between man and man. Naturally, our sympathies are always awakened in behalf of those who have suffered misfortune or injury; but the duty of the court and of the jury is, in every case that comes before them, so far as lies in their power, to administer the law with reference solely to the strict legal rights of the parties.